ARKANSAS NATIONAL BANK *v.* GUNTHER.

Opinion delivered January 15, 1917.

BILLS, NOTES AND CHECKS—STOPPED CHECK—PAYMENT TO PERSON ENDORSING SAME.—A draft was drawn by G. on appellant bank, but before its presentment, G. stopped payment.  Thereafter the draft came into the possession of A., who presented the same to the appellant bank.  The bank paid the draft, first requiring A., however, to endorse the same.  The draft was charged to G.'s account, but upon G.'s protest, it was then charged to A.'s account.  A. brought suit, but *held,* under the facts, A.'s endorsement on the draft amounted to a contract to indemnify the bank in case G. failed to pay the same, and that A. could not recover from the bank.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

*Rector & Sawyer,* for appellant.

Appellant had the right to charge back the check to Gunther. The endorsement required of appellee under the circumstances was a guarantee that there was absolutely nothing wrong with the draft; that it was given for a valuable consideration and that previous endorsements were genuine. Bigelow on Estoppel (4 Ed.), p. 516; 15 N. Y. 575. The bank was not estopped. See also Morse on Banks & B. (1 Ed.), p. 309.

*C. Floyd Huff*, for appellee.

The bank is estopped. Gunther is an innocent party. The bank having failed to speak when it was its duty to do so, will not be heard now. The bank had notice that it was a gambling debt and payment stopped by the drawer. The bank was negligent and is liable.

HUMPHREYS, J. The appellee, A. J. Gunther, instituted this suit against the Arkansas National Bank, appellant, in Hot Springs township, Garland county, before a justice of the peace, alleging in substance that the Arkansas National Bank had charged a check of $100.00 against his account therein without authority in fact or law. W. H. Greene filed an interplea in the suit styled "Answer and Cross-Complaint," charging in substance that the Arkansas National Bank had charged the same check against his account without authority in fact or law. The Arkansas National Bank filed its answer admitting that when the check in question was presented it was first charged against the account of W. H. Greene but upon its attention being called by W. H. Greene to the fact that he had notified it not to pay the check, the bank had then charged the check against the account of A. J. Gunther who had endorsed the check when presented by him for payment; that the charge against the account of A. J. Gunther was justified under the facts and law. On trial in the justice of peace court, a judgment was rendered against the appellant, Arkansas National Bank for $100.00 in favor of A. J. Gunther and for the same amount in favor of W. H. Greene. The case was ap-

pealed to the circuit court and there tried by the court sitting as a jury under the same pleadings and an agreed statement of facts. The substance of the agreed statement of facts set out in appellant's abstract and brief, unchallenged by appellee, is as follows:

"That on June 9, 1915, Greene executed and delivered to Snapp a draft on appellant for $100.00 in payment of a gambling debt. Greene at that time having on deposit with appellant sufficient funds to meet the draft and discovering bad faith upon the part of Snapp, notified appellant before presentation of the draft not to pay same, that is notified the certificate teller, Groom, who in turn notified Neill, cashier, stating that the draft was in payment of a gambling debt. A month afterwards Snapp sent the draft endorsed in blank to appellee by letter, who presented it to Sisney, exchange teller of appellant, asking therefor Little Rock exchange payable to Snapp. Sisney executed the exchange as requested, but demanded appellee's endorsement as a condition for delivery, which appellee did. Sisney knew of previous similar drafts and checks presented by appellee and that the president of appellant company had required appellee to guarantee before paying. The draft was turned over to the bookkeeper during the usual course of business and charged to Greene's account and at the end of the month his book having been balanced this charge appearing Greene immediately notified appellant that he had previously given them notice not to pay this draft and that he would hold appellant responsible. Appellant on receiving this notice from Greene charged appellee with the $100.00, appellee at that time having an account with the bank in which he had a credit exceeding $100.00. Appellee protested against this action and brought suit to recover the $100.00.

"Sisney had no personal notice that payment had been stopped. Appellee had previously acted as the agent or representative of Snapp, collecting checks of Greene's on appellant and in the case at bar appellee had no interest in the check and the proceeds thereof

but forwarded the exchange to Snapp to Little Rock who cashed it. At the time of presenting the draft in question Sisney knew that Rix, appellant's president, had required appellee to especially guarantee a similar draft and that Rix had refused to honor the draft on Snapp's blank endorsement alone. The draft had never been previously presented. Appellee had no knowledge or information that the draft was given for a gambling consideration.

"It is appellant's custom to require persons who present a check for payment to endorse the same for the purpose of holding them for the draft or check."

The circuit court rendered judgment against the Arkansas National Bank in favor of W. H. Greene for $100.00 from which no appeal was taken, and also rendered a judgment against the Arkansas National Bank in favor of A. J. Gunther for $100.00 from which judgment this appeal is prosecuted.

The undisputed evidence in this case is to the effect that the president of the Arkansas National Bank would not cash this draft bearing the blank endorsement of C. A. Snapp; that the president of the bank in a transaction of this kind had required A. J. Gunther to specially guarantee the payment of a similar draft, one previous to this; that Sisney, the paying teller, had knowledge of this fact at the time the check was presented by Gunther for payment and required Gunther to endorse the check before he delivered Little Rock exchange in payment thereof to him. He also knew that the president of the bank had required Gunther to specially guarantee a check presented by him for his friend Snapp. It is also undisputed and conceded that it was a custom of this particular bank to require every person who presented a check for payment to sign his name on the back for the purpose of holding him for the draft or check.

Under the peculiar facts in this case, the court is of the opinion that the endorsement of A. J. Gunther on this check amounted to a contract to indemnify the bank in case Greene failed to pay the check.

The bank had a right in the law under the undisputed facts in this case to charge the check back to the account of the appellee. The judgment is, therefore, reversed and dismissed at the cost of the appellee.